IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:10-cv-2769 |
| | § | |
| JORGE A. GARIA CALLO, | § | |
| EDGAR TORRES, STEVEN OLIVOS | § | JURY DEMANDED |
| PERLA CARDENAS, ZHANNA | § | |
| BUKEIYAVOVA, ASMA ALI, LAURA | § | |
| DOMINGUEZ, LUIS CARDENAS, AND | § | |
| EDUARDO CONSTANTE | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Farouk Systems, Inc. ("FSI" or "Plaintiff") files this Complaint against JORGE A. GARIA CALLO, EDGAR TORRES, STEVEN OLIVOS, PERLA CARDENAS, ZHANNA BUKEIYAVOVA, ASMA ALI, LAURA DOMINGUEZ, LUIS CARDENAS, and EDUARDO CONSTANTE (collectively, "Defendants") on personal knowledge as to FAROUK SYSTEMS, INC. own activities and on information and belief as to the activities of others and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff FAROUK SYSTEMS, INC. is a corporation, organized and existing under the laws of the State of Texas, having its principal place of business at 250 Pennbright, Suite 150, Houston, Texas 77090.

2. Defendant JORGE A. GARIA CALLO is an individual residing at 502 Shiloh #59, Laredo, Texas 78045. Defendant Jorge A. Garia Callo a/k/a "Co Ltd" may be served with process in person at 502 Shiloh #59, Laredo, Texas 78045.

3. Defendant EDGAR TORRES is an individual residing at 1443 E. Harrison Street, Brownsville, Texas 78520. Defendant Edgar Torres may be served with process in person at 1443 E. Harrison Street, Brownsville, Texas 78520.

4. Defendant STEVEN OLIVOS is an individual residing at 3409 Chapman Street, Houston, Texas 77009. Defendant Steven Olivos may be served with process in person at 3409 Chapman Street, Houston, Texas 77009.

5. Defendant PERLA CARDENAS is an individual residing at 17511 Chicory Dr., Houston, Texas 77084. Defendant Perla Cardenas may be served with process in person at 17511 Chicory Dr., Houston, Texas 77084.

6. Defendant ZHANNA BUKEIYAVOVA a/k/a Zhanna Bukhtiyarona a/k/a Zhanna Bukhtiyarova-Joseph a/k/a Zhanna Bukhlyanova a/k/a Zhanna Bukhtiyanova a/k/a Zhanna Bukhtiyarova, an individual residing at 2400 Yorktown, #13, Houston, Texas 77056. Defendant Zhanna Bukeiyavova may be served with process in person at 2400 Yorktown, #13, Houston, Texas 77056.

7. Defendant ASMA ALI is an individual residing at 1000 Farrah Lane #1413, Stafford, Texas 77477. Defendant Asma Ali may be served with process in person at 1000 Farrah Lane #1413, Stafford, Texas 77477.

8. Defendant LAURA DOMINGUEZ is an individual residing at 15706 Falling Creek Drive, Houston, Texas 77068. Defendant Laura Domingues may be served with process in person at 15706 Falling Creek Drive, Houston, Texas 77068.

9.     Defendant LUIS CARDENAS is an individual residing at 17511 Chicory Dr., Houston, Texas 77084.  Defendant Luis Cardenas may be served with process in person at 17511 Chicory Dr., Houston, Texas 77084.

10.    Defendant EDUARDO CONSTANTE is an individual residing at 2074 Hartland Dr., Houston, Texas 77055.  Defendant "Eduardo" may be served with process in person at 2074 Hartland Dr., Houston, Texas 77055.

## JURISDICTION AND VENUE

11.    This is an action for trademark infringement, trademark counterfeiting, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, the Anti-counterfeiting Consumer Protection Act of 1996, Public Law 104-153, the Stop Counterfeiting in Manufactured Goods Act, Public Law 109-181 and the Prioritizing Resources and Organization for Intellectual Property Act, Public Law 110-4303 (the "Lanham Act"), and for trademark and trade name infringement, unfair competition and dilution under the laws of the State of Texas.

12.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.  This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over FSI's claims for trademark and trade name infringement, unfair competition and dilution under the laws of the State of Texas.

13.    This Court has personal jurisdiction over Defendants in that they reside and are doing business in the State of Texas and in this Judicial District.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendants are located and transacting business within this District and that portions of the acts complained of herein were committed by Defendants within this District.

## FACTUAL BACKGROUND

*FSI's CHI® Marks*

15.     FSI designs, manufactures and sells of a wide range of high-quality and innovative hair care products. FSI has been in the hair care business for nearly two decades and has achieved an outstanding worldwide reputation in the industry. FSI is currently recognized by consumers as one of the leading manufactures of hair care products and is known for its high-quality and unique designs. FSI has also become known for its commitment to customer service.

16.     One line of FSI's products is sold under FSI's trademark CHI®. FSI's CHI® line of products includes electric hair straightening and curling irons, electric hand held hair dryers, hair coloring and care products and other items (collectively, the "CHI® Products").

17.     FSI maintains high quality control standards for its CHI® Products.

18.     Genuine CHI® Products are distributed throughout a worldwide network of authorized retailers and distributors.

19.     FSI has registered with the United States Patent and Trademark Office ("USPTO") several different trademarks for CHI® for various CHI® Products, including but not limited to Registration Nos. 2,660,257, 3,107,769, and 3,426,769 (collectively, the "CHI® Marks"). These registrations are valid, subsisting, and in full force and effect. The CHI® Marks are highly-distinctive and arbitrary. True and correct copies of U.S. Trademark Registration Nos. 2,660,257, 3,107,769, and 3,426,769 are attached hereto as Exhibits A-C, respectively.

20. The CHI® Marks are associated exclusively with CHI® Products. As a result of FSI's continuous use of the CHI® Marks as well as FSI's marketing and advertising of its CHI® Products, the CHI® Marks are well-known in the United States (and worldwide) with customers and potential customers as identifying FSI's products and services.

21. Through years of extensive advertising, marketing and promotion, FSI has built up and enjoys a valuable reputation and significant goodwill associated with the CHI® Marks on the CHI® Products. Products bearing the CHI® Marks are closely associated with FSI's reputation in the eyes of the public and in the hair care industry. FSI's CHI® Marks are, thus, invaluable assets to FSI.

22. Given the great value of the CHI® Marks to FSI, FSI makes great efforts to enforce its mark and combat the distribution and sale of counterfeits of CHI® Products bearing CHI® Marks.

*Defendants' Conduct*

23. Defendants, without authorization or license from FSI, have knowingly and willfully imported, purchased, advertised, offered for sale, and sold counterfeit versions of the CHI® Products, namely counterfeit CHI® hair irons (the "Counterfeit Products").

24. FSI did not manufacture, produce or inspect the Counterfeit Products and did not approve the Counterfeit Products for sale and/or distribution.

25. Defendants' use of the CHI® Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion among consumers who have been deceived or mislead consumers into believing they were buying genuine CHI® Products.

26. Defendants' activities have caused irreparable harm to the CHI® Marks and to FSI.

## COUNT ONE

## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. § 1114)

27. FSI repeats and re-alleges the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The CHI® Marks and the goodwill of the businesses and products associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive and arbitrary, and have become universally associated in the public mind with products of the highest quality and reputation finding their source in FSI.

29. Without FSI's authorization or consent, and having knowledge of FSI's well-known and prior rights in the CHI® Marks, as evidenced by the fact that Defendants' Counterfeit Products bear marks that are identical to the CHI® Marks, Defendants have imported and/or arranged for import, manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with FSI's sale of genuine CHI® Products, in or affecting interstate commerce.

30. Defendants have distributed and sold the Counterfeit Products as genuine CHI® Products when they are not genuine CHI® Products.

31. Defendants' use of copies or simulations of the CHI® Marks is likely to cause and has caused confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are

otherwise authorized by FSI, all to the damage and detriment of FSI's reputation, goodwill and sales.

32. FSI is without an adequate remedy at law and has suffered irreparable harm and injury to its goodwill and reputation.

33. As a result of Defendants' activities, FSI has been damaged in an amount to be ascertained. FSI seeks an accounting and its actual and consequential damages resulting from Defendants' infringing acts. Moreover, FSI seeks punitive, additional, and enhanced damages from Defendants. In addition, or in the alternative, FSI seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117(c).

## COUNT TWO

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

34. FSI repeats and re-alleges the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Counterfeit Products sold and offered for sale by Defendants are of the same general nature and type as CHI® Products sold and offered for sale by FSI and, as such, Defendants' use has caused confusion to the general purchasing public.

36. By misappropriating and using CHI® Marks and the CHI® trade name, Defendants misrepresented and falsely described to the general public the origin and source of the Counterfeit Products and created a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

37. Defendants' unlawful, unauthorized and unlicensed importation, manufacture, distribution, offer for sale and/or sale of the Counterfeit Products created express and implied

misrepresentations that the Counterfeit Products were created, authorized or approved by FSI, all to Defendants' profit and to Plaintiff's great damage and injury.

38.   Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of CHI® Marks, in connection with their goods and services, in interstate commerce constitutes a false designation of origin and unfair competition.

39.   FSI is without an adequate remedy at law and FSI has suffered irreparable harm and injury to its goodwill and reputation.

40.   As a result of Defendants' activities, FSI has been damaged in an amount to be ascertained. FSI seeks an accounting and its actual and consequential damages resulting from Defendants' infringing acts. Moreover, FSI seeks punitive, additional, and enhanced damages from Defendants. In addition, or in the alternative, FSI seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117(c).

## COUNT THREE

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS LAW

41.   FSI repeats and re-alleges the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.   The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendants, FSI has suffered and will continue to suffer injury and damage in an amount yet to be determined. The acts of infringement by Defendants have resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Such acts of trademark infringement and unfair competition have caused great harm to FSI.

43. The continuing acts of Defendants are jeopardizing the goodwill of FSI and its valuable CHI® Marks, and such acts have caused and will continue to cause irreparable injury to FSI and to the consuming public. The acts of Defendants complained of herein have caused irreparable injury to FSI and to the public, for which there is no adequate remedy at law. Additionally or in the alternative, FSI seeks an accounting and its actual and consequential damages as a result of Defendants' infringing acts which have resulted in confusion among the public. Moreover, FSI seeks punitive and enhanced damages for Defendants' willful conduct.

## COUNT FOUR
## TRADEMARK DILUTION UNDER TEXAS LAW

44. FSI repeats and re-alleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. The facts set out above demonstrate that Defendants are diluting the exclusivity and distinctiveness of the CHI® Marks in violation of the Texas Anti-Dilution Act. Defendants' unauthorized use of FSI's CHI® Marks constitutes a dilution of FSI's CHI® Marks and injures FSI's business reputation, in violation of TEX. BUS. & COM. CODE § 16.29.

46. As a result of the dilution by Defendants, FSI has suffered, and is suffering, injury and damage in an amount yet to be determined. The acts of dilution by Defendants have resulted in and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. FSI seeks injunctive relief to prevent this type of injury from continuing. Additionally or in the alternative, FSI seeks an accounting and damages. FSI also seeks a finding that Defendants are liable for all damages, costs, and attorneys' fees awarded to FSI as a result of Defendants' violation of FSI's rights.

## COUNT FIVE

### REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

47. FSI repeats and re-alleges the allegations set forth in paragraphs 1 through 46.

48. The acts of Defendants complained of above have resulted in trademark infringement and unfair competition. Accordingly, pursuant to 15 U.S.C. § 1117(a), FSI is entitled to recover 1) Defendants' profits; 2) any damages sustained as a result of Defendants' infringing acts; and 3) the costs associated with these causes of action. In addition, or in the alternative, FSI is entitled to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

49. Moreover, FSI is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendants' intentional use of the CHI® Marks, and its gross, wanton, and/or willful conduct. In addition, or alternatively, FSI seeks maximum statutory damages as permitted by 15 U.S.C. § 1117(c).

50. Furthermore, as a result of Defendants' actions, FSI has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights. These fees and expenses are necessary and reasonable in order to prosecute this matter. Accordingly, FSI requests that it be granted an award of attorneys' fees and costs as a result of Defendants' actions.

### DEMAND FOR JURY TRIAL

FSI demands a trial by jury on all claims and issues.

## CONCLUSION AND PRAYER

WHEREFORE, Farouk Systems, Inc. prays for entry of judgment:

a. finding that Defendants have infringed FSI's CHI® Marks by distributing and selling the Counterfeit Products as genuine CHI® Products when they are not genuine CHI® Products;

b. finding that Defendants have falsely and intentionally mislead consumers by directly or indirectly representing that the Counterfeit Products were endorsed by, sponsored by, or affiliated with Farouk Systems, Inc.;

c. finding that Defendants have diluted the goodwill associated with Farouk System, Inc.'s CHI® Marks;

d. finding that Defendants have engaged in unfair competition;

e. enjoining Defendants, their officers, directors, agents, employees, representatives, affiliates, successors, assigns, if any, and those in privity or concert with them from further acts that would amount to infringement the CHI® Marks and Farouk Systems, Inc.'s common law trademark rights in the CHI® Marks, dilution of Farouk Systems, Inc.'s goodwill associated with Farouk System, Inc.'s CHI® Marks, or unfair competition;

f. awarding Farouk Systems, Inc. all damages caused by the acts of Defendants and all profits of Defendants from acts complained of, and/or all costs to Farouk Systems, Inc. caused by Defendants' activities complained of herein;

g. trebling the damages and profits awarded to Farouk Systems, Inc. as authorized by 15 U.S.C. § 1117;

h. awarding the maximum statutory damages for willful use of counterfeit CHI® Marks as authorized by 15 U.S.C. § 1117(c);

i. granting Farouk Systems, Inc. pre-judgment and post-judgment interest on the damages caused to Farouk Systems, Inc. by reasons of Defendants' activities complained of herein at the highest rates allowed by law;

j. finding that this is an exceptional case and awarding Farouk Systems, Inc. its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

k. awarding costs to Farouk Systems, Inc.; and

l. awarding Farouk Systems, Inc. such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

                Respectfully submitted,

                GREENBERG TAURIG LLP

                By: /Anthony F. Matheny/
                    Anthony Matheny
                    Attorney-In-Charge
                    Texas State Bar No. 24002543
                    S.D. Texas Admission No. 303157
                    1000 Louisiana, Suite 1700
                    Houston, Texas   77002
                    (713) 374-3583 (Telephone)
                    (713) 754-7583 (Fax)

Of Counsel:

Ben D. Tobor
Texas State Bar No. 20050900
S.D. Texas Admission No. 5254
Mark Chretien
Texas State Bar No. 24036364
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  713-374-3568
Facsimile:  713-754-7568

                ATTORNEYS FOR PLAINTIFF
                FAROUK SYSTEMS, INC.